Case 1:05-cv-00802-EWN-CBS   Document 16   Filed 08/25/2005   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-802-EWN-CBS

Sally K. Spellz

Plaintiff,

v.

BANK ONE, NA a/k/a JPMORGAN CHASE AND CO,

Defendant.

---

**STIPULATED ~~~~~~~~~~~~ ORDER
CONCERNING PLAINTIFF'S MEDICAL RECORDS**

The parties by and through their attorneys hereby stipulate to the Confidentiality Order set forth below and hereby request that the Court approve the below Confidentiality Order as the Order of the Court.

### CONFIDENTIALITY ORDER

1. The parties agree that the Plaintiff's medical records, documents, things, materials, testimony or other information derived there from, are "Confidential Medical Records" under the terms of this Stipulated Protective Order.

2. Confidential Medical Records as used herein, means any of Plaintiff's medical information of any type, kind or character, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or other discovery, information revealed during testimony at the action hearing, and which concerns or relates to medical treatment, including but not limited to, physicians notes and records, hospital charts, medical attendants' notes or records, diagnostic tests, therapies of any kind, and billing statements from medical

providers.

3. Confidential Medical Records under this Order, along with the information contained therein, any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Medical Records shall be used by Defendant only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

4. Plaintiff's Confidential Medical Records, and the information contained therein, shall not be provided to any external databases, such as claims bureaus, during the pendency of this action, after the conclusion of this matter, or at any other time.

5. Defendant may disclose or make available Confidential Medical Records material only to the Court, to counsel for a party (including in-house counsel, paralegals, clerical, secretarial and other staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or any officer, director, employee or former employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) Defendant's adjusters, representatives and agents (but not external databases);

    (c) experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    (d) court reporter(s) employed in this action;

    (e) a witness at any deposition or other proceeding in this action; and

    (f) any other person as to whom the parties in writing agree.

6. Defendant's disclosure of Confidential Medical Records to persons other than those

specified in paragraphs 5 and 8 will be permitted only by written consent of the Plaintiffs or by order of the Court.

7. Nothing herein shall impose any restrictions on the use or disclosure by the Plaintiff of the Plaintiff's own Confidential Medical Records or information as he deems appropriate.

8. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order. Further, this Protective Order shall be without prejudice to the right of any party to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

9. If Confidential Medical Records, including any portion of a deposition, shall be filed in this case, such information shall be labeled "Confidential Medical Records" and filed under seal until further order of the Court.

10. In the event that any Confidential Medical Records are used in any proceeding in this action, such records shall not lose their confidential status through such use, and the party using such records shall take all reasonable steps to maintain their confidentiality during and after such use.

11. The Defendant and Defendant's representatives and agents shall not engage in ex parte communications with the Plaintiff's health care providers (including therapists). The Defendant may interview the Plaintiff's health care providers with prior notice to opposing counsel and an agreement as to scope of the interview.

12. This Stipulated Protective Order is entered solely for the purpose of protecting Plaintiff's privacy and facilitating the exchange of Confidential Medical Records and related information between the parties to this action without unnecessarily involving the Court

in the process. Nothing in this Stipulated Protective Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. The Court shall fashion an appropriate remedy or sanction for any violation of this Stipulated Protective Order. Such remedy or sanction shall not preclude any other right of action that the Plaintiff may have regarding violation of underlying rights or privileges.

14. This Stipulated Protective Order shall survive the final termination of this action. In the alternative, Defendant may destroy the records and provide opposing counsel with notification that such records have been destroyed.

5. The Defendant shall be responsible for obtaining a written acknowledgment from the Qualified Person wherein the Qualified Person shall state that he or she has read this Stipulated Protective Order; agrees to be bound by the terms of this Stipulated Protective Order; agrees to the jurisdiction of the Court, and agrees that at the termination of this action, and any appeal thereof, to destroy all documents (in all forms whatsoever, whether paper or electronically or magnetically stored, or in any other form) received pursuant to this action. If the Defendant designating any person as a Qualified Person does not obtain a written acknowledgment from the Qualified Person, then the Defendant shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order. A "Qualified Person" is any person described in paragraphs 5(a)-(f). It shall be sufficient if a Qualified Person signs a statement as follows: "I have reviewed the stipulated confidentiality order in Case No. 05-CV-802-

4

Case 1:05-cv-00802-EWN-CBS   Document 19   Filed 08/26/05   USDC Colorado   Page 5 of 5

SENT BY: 5THFLOOR ; 8-24- 5 ; 4:46PM ; DAVIS GRAHAM STUBBS→ 3034776606;# 2/ 2
Case 1:05-cv-00802-EWN-CBS   Document 16   Filed 08/25/2005   Page 5 of 5

EWN-CBS and agree to be bound by its terms and conditions".

THIS MATTER having come before the Court this ____ day of _____, 2005, the Court having reviewed the above stipulated Confidentiality Order and now being fully advised in the premises hereby enters the stipulation as the Order of the Court.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_____
Bruce J. Kaye, Esq.
Kaye and Bush, LLC
2300 15th St., Suite 200
Denver, CO 80202
(303) 477-8787
Attorney for Plaintiff

_____
Elizabeth J. McNamee, Esq.
Janet A. Savage, Esq.
Davis, Graham & Stubbs, LLPC
1150 Seventeenth St., Suite 500
Denver, CO 80202
(303) 892-9400
Attorneys for Defendant